IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:21-cv-127 |
| ) | Judge Stephanie L. Haines |
| T. VAUGHN, *et al.* ) | Magistrate Judge Keith A. Pesto |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

This is a civil rights case brought by Plaintiff Purcell Bronson ("Plaintiff"), relating to Plaintiff's incarceration at State Correctional Institution – Houtzdale ("SCI Houtzdale"), wherein Plaintiff alleges SCI Houtzdale staff retaliated against him in violation of his constitutional rights. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**I. Procedural Background**

By way of background, Plaintiff initially filed suit against Defendants in the Court of Common Pleas of Clearfield County, and Defendants removed the suit to this Court (ECF No. 1). In his Complaint, Plaintiff names as Defendants the following individuals in their official and private capacities: T. Vaughn, B. Smith, Mr. Nunez, C. Miller, Sgt. Patterson, Sgt. Owens, Deputy Ivicic, and Lt. Oliver (ECF No. 1-1).

In his Complaint, Plaintiff states Defendants Oliver, Vaughn, and Ivicic entered into a conspiracy to retaliate against Plaintiff for assisting fellow prisoner Bolds obtain kitchen employment (ECF No. 1-1 at p. 1). Plaintiff claims Defendants Vaughn and Ivicic falsely alleged Plaintiff forged their signatures on a request form for changing prisoner Bolds' kitchen duty shift, and, as a result of the forgery allegations, Defendant Oliver placed Plaintiff under administrative

1

custody status in the Restricted Housing Unit ("RHU"). *Id.* Plaintiff asserts he had a right to provide legal assistance to prisoner Bolds, *Id.* at p. 9, but he contends the forgery allegations were falsely made to retaliate against him by preventing prisoner Bolds from being assigned to the "PM Kitchen Shift" with Plaintiff. *Id.* at pp. 6-7. Plaintiff states Bolds was then moved to the "AM shift" to further retaliate against Plaintiff. *Id.* at p. 7. Plaintiff contends Defendants Vaughn's and Ivicic's actions violated the Pennsylvania Department of Corrections' Code of Ethics, and he asserts a handwriting expert will exonerate him as to the forgery allegations. *Id.*

Plaintiff also alleges his personal property was seized and destroyed as a result of his transfer to the RHU, alleging Defendants failed to generate a packing slip relating to this transfer, and Plaintiff describes Defendants Miller and Smith were in a conspiracy with Defendants Patterson and Owen to cover up the policy violation of the missing packing slip. *Id.* at pp. 7-8. Plaintiff also alleges his legal files in cereal bags were improperly confiscated as contraband. *Id.* Plaintiff states Defendant Nunez was grossly incompetent due to his lack of training in the law as to prisoner rights at Plaintiff's grievance hearing on these issues. *Id.* at p. 8. Plaintiff globally alleges Defendants engaged in a conspiracy to retaliate, harass, and mistreat Plaintiff for helping prisoner Bolds obtain kitchen employment, and as a result of this incident, Plaintiff was placed for 30 days in the RHU and lost privileges for another 30 days, in violation of his First, Eighth, and Fourteenth Amendment rights. *Id.* at pp. 9-10.

After screening the Complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Pesto recommended Plaintiff's Complaint should be dismissed without leave to amend (ECF No. 4). The Report and Recommendation (ECF No. 4) stated Plaintiff had until August 19, 2021 to file objections. *Id.* at p. 4. On August 16, 2021, Plaintiff filed his Objections (ECF No. 6) and also

filed an Amended Complaint (ECF No. 5).[1] On August 30, 2021, Plaintiff then filed an Affidavit in Support of his Objections (ECF No. 7). On September 2, 2021, Plaintiff also filed a Notice to the Court (ECF No. 8) and Memorandum of Law in Support of his Objections (ECF No. 9).

## II. Legal Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, the Report and Recommendation (ECF No. 4) and Plaintiff's objections (ECF No. 6) thereto, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

## III. Analysis

In his Report and Recommendation (ECF No. 4), Magistrate Judge Pesto correctly finds Plaintiff fails to state a claim for retaliation against any of the Defendants. In order to state a First Amendment retaliation claim, Plaintiff must allege: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

---

[1] Though Plaintiff states in his objections (ECF No. 6) he is filing his Amended Complaint (ECF No. 5) "as a matter of course", Plaintiff did not have leave to file an amended complaint and was not entitled to do so as a matter of course under the Federal Rules of Civil Procedure. The Court will not consider the Amended Complaint (ECF No. 5) as it was improperly filed.

Magistrate Judge Pesto correctly finds Plaintiff failed to establish the elements of his First Amendment retaliation claim. As to the conduct leading to the alleged retaliation, the Third Circuit has held there is no constitutionally protected right to provide legal assistance to another inmate, and in light of this precedent, Plaintiff's completion of a request slip, which he himself describes as providing "mutual legal assistance to prisoner Bolds" (ECF No. 1-1 at ¶9), cannot be said to be constitutionally protected conduct. *See Watlington on behalf of FCI Schuylkill African American Inmates v. Reigel*, 723 F. App'x 137, 140 (3d Cir. 2018) (per curiam). The Court also notes Plaintiff does not allege he completed the request form as part of his job duties at the prison or that the prison assigned him to help other inmates. *See Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (finding an inmate "plausibly alleged that his conduct in assisting his assigned inmate prepare a grievance, which was both pursuant to his job duties and in accordance with prison regulations, was not inconsistent with legitimate penological interests, and therefore could fall within the limited First Amendment rights that prisoners retain."). Moreover, to the extent Plaintiff's laundry list of actions taken against him in retaliation for his assistance of prisoner Bolds would arise to the level of an adverse action, Plaintiff has failed to plead any facts to support a causal link between any exercise of his constitutional rights and an adverse action taken against him.

Plaintiff's claims of conspiracy against Defendants are also defective. In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) *cert. denied*, 506 U.S. 1079 (1993). To state a claim for conspiracy under section 1983, a plaintiff must allege "persons acting under color of state law reached an understanding to deprive him of his constitutional rights." *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020) (quoting *Jutrowski*

*v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018). This requires showing "state actors took 'concerted action' based on an 'agreement' to deprive the plaintiff of his constitutional rights, and that there was an actual underlying constitutional violation of the plaintiff's rights." *Id*. citing *Jutrowski*, 904 F.3d at 295). Plaintiff pleads only conclusory allegations of a conspiracy against him and fails to plead any facts to support Defendants took concreted action against him based on an agreement to deprive Plaintiff of his constitutional rights.

In his objections, Plaintiff states he was attempting to get around Defendant prison staff's obstruction to the promised employment of Bolds, and Defendants should explain their acts of forging documents in this case (ECF No. 6). Ultimately, Plaintiff's objections to Magistrate Judge Pesto's recommendation of the dismissal of Plaintiff's Complaint are unavailing as Plaintiff continues to fail to allege sufficient facts to support his claims of retaliation and conspiracy. Even reviewing Plaintiff's untimely filings submitted in furtherance of his objections, Plaintiff has failed to undermine Magistrate Judge Pesto's recommendation that the Complaint be dismissed with prejudice. In his notice to the Court (ECF No. 8) filed on September 2, 2021, Plaintiff indicated he has been restricted from the law library as a result of the Covid-19 epidemic. Despite such restrictions, Plaintiff filed a Memorandum of Law in Support of his Objections (ECF No. 9) that same day. In his memorandum, Plaintiff states Magistrate Judge Pesto erroneously assumed that a liberty interest must exist in order for retaliation claims to proceed, arguing that the focus should be on the retaliation, not the liberty interest. Plaintiff alleges he does not need to show a right to help prisoner Bolds, that his placement in the RHU and subsequent restrictions were adverse events, and lastly, that he has shown the causation elements of his retaliation claim by alleging Defendant Oliver placed him in the RHU for submitting a request slip for prisoner Bolds. However, Plaintiff's objections and relating filings simply reiterate his conclusory allegations and

fail to assert any facts that would support the elements of his claims, let alone facts that establish the requisite causal connection between any constitutionally protected conduct and an adverse action.

Magistrate Judge Pesto also correctly determined Plaintiff's claims should be dismissed with prejudice. Plaintiff's serial litigation, as described in the Report and Recommendation (ECF No. 4 at p. 3), and continued inability to state any facts to support his allegations, indicate that amendment of these claims would be futile and inequitable. *See Grayson v. Mayview State Hospital*, 293 F.3d 103 (3d Cir. 2002). Based on the foregoing, the Court will overrule Plaintiff's objections (ECF No. 6) to Magistrate Judge Pesto's Report and Recommendation (ECF No. 4).

Accordingly, the following order is entered:

**ORDER OF COURT**

AND NOW, this 13th day of December, 2021, IT IS ORDERED that Plaintiff's objections (ECF No. 6) to the Magistrate Judge's Report and Recommendation (ECF No. 4) hereby are OVERRULED; and,

IT IS FURTHER ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 4), which is adopted in whole as the opinion of the Court, that Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge